IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MR. AMANI V. BOLDEN,

       Plaintiff,                     No. 2:12-cv-2344 JFM P

       vs.

CALIFORNIA DEPARTMENT
OF CORRECTIONS AND
REHABILITATION, PRISON
INDUSTRY AUTHORITY,

       Defendants.             ORDER

_____/

       Plaintiff is a state prisoner proceeding pro se and in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff, the only party to appear in this action, has consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter is before the court on plaintiff's motion pursuant to Federal Rule of Civil Procedure 60(b) for reconsideration of the November 15, 2012 order dismissing this action for failure to state a claim upon which relief may be granted and the judgment entered thereon.[1]

////

_____

[1] Plaintiff initially filed his motion for reconsideration on November 15, 2012 (ECF No. 12).  On February 7, 2013, plaintiff filed a copy of the motion for reconsideration, which has been entered on the docket as ECF No. 13.

1

1    Rule 60(b) of the Federal Rules of Civil Procedure provides in relevant part:

2    On motion and just terms, the court may relieve a party or its legal
     representative from a final judgment, order, or proceeding for the
3    following reasons:

4    (1) mistake, inadvertence, surprise, or excusable neglect;

5    (2) newly discovered evidence that, with reasonable diligence,
     could not have been discovered in time to move for a new trial
6    under Rule 59(b);

7    . . . .

8    Fed. R. Civ. P. 60(b)(1), (2).

9         In his complaint, filed September 12, 2012 (ECF No. 1), plaintiff claimed that the

10   California Department of Corrections and Rehabilitation's Prison Industry Authority (CAL PIA)

11   was negligent in issuing prison soap that contained a trace amount of a chemical "listed for

12   review under the Safe Drinking Water and Toxic Enforcement Act of 1986 (Proposition 65) as a

13   carcinogen." Ex. A to Complaint, filed September 12, 2012.[2][3]  Plaintiff alleged that the soap

14   was issued by prison authorities on July 26, 2012 and recalled on July 29, 2012.  Complaint, at

15   1-2.  Plaintiff alleged that he has suffered mental anguish as a result of learning that he used soap

16   that contains a trace amount of a substance identified as a carcinogen, and he sought money

17   damages and compassionate release.  *Id*. at 8.

18        The November 15, 2012 order dismissed the instant action on the grounds that

19   negligence does not violate the Eighth Amendment, that the allegations of the complaint did not

20   support a claim for violation of plaintiff's federal constitutional rights, and that the deficiencies

21

22        [2] Exhibits appended to a complaint are a part thereof for all purposes.  See Fed. R. Civ.
     P. 10(c).

23

24        [3] On October 10, 2012, plaintiff filed a motion to amend Exhibit B of the complaint to
     add page 4 of the memorandum attached as said exhibit.  In the November 15, 2012 order, that
     motion was granted and Exhibit B to the complaint was deemed amended by the document
25   appended to plaintiff's October 10, 2012 motion, which is page 4 of the Material Safety Data
     Sheet for Barz & Bitz Soap issued by the California Prison Industry Authority (CALPIA) dated
26   July 30, 2012.

2

1 in the complaint could not be cured by amendment.  Plaintiff seeks reconsideration of that part of

2 the order which found that the deficiencies could not be cured by amendment; in his motions he

3 presents additional allegations not raised in his complaint.  These include allegations that CAL

4 PIA has known for four years that the soap was toxic and continued to produce and distribute it

5 to inmates; that he is required to use the soap daily and has been exposed to the carcinogen in the

6 soap for a period of two years; that the soap has "produced . . . symptoms" and he has been

7 prescribed medication for the symptoms.  Motion for Reconsideration filed February 7, 2013

8 (ECF No. 13) at 2-3.

9          The only "newly discovered evidence" on which plaintiff relies to support his

10 motion is a sworn declaration by an inmate named Mario Williams, which contains the following

11 averments:

12          On October 5, 2012, Tim Hart PIA Manager interviewed me in
           building regarding my appeal on the PIA soap.  He verbally says
13         "that CAL PIA was aware in 2007 that the soap was tested for a
           chemical that was Toxic."  I asked him "why I was not notified
14         that the PIA SOAP has a harmfull [sic] chemical in 2007?"  He
           stated that "they did not care about me and was trying to kill me."
15         and then started laughing.  Tim Hart says "that they now care on
           Octeber [sic] 5, 2012, and decided to pull the CAL PIA soap in
16         July 2012."

17 Ex. C to Motion for Reconsideration, filed November 29, 2012 (ECF No. 12) at 16.[4]  The

18 averments of this declaration are insufficient to support reconsideration of the order dismissing

19 this action.  The declaration provides no information about what chemical the soap was tested for

20 in 2007 and no admissible evidence of whether any toxic chemical was found as part of that

21 testing.[5]  *See Brooks v. Perkins*, 2013 WL 1705005 (E.D.Cal. 2013), slip op. at 4 n.3.

22 ////

23

24     [4] The other two exhibits appended to the instant motion were also appended to the
    complaint and reviewed by the court in screening the complaint.
25
    [5] No reasonable inference that a toxic chemical was found in that testing can be drawn
26 from inmate Williams' alleged question to the PIA Manager or the manager's alleged response.

3

1    Plaintiff has not shown any basis for reconsideration of the court's prior finding

2  that the allegations of his complaint do not state a cognizable claim for violation of the Eighth

3  Amendment or that the deficiencies therein could be cured by amendment.

4    Accordingly, IT IS HEREBY ORDERED that plaintiff's November 29, 2012

5  motion for reconsideration (ECF No. 12) is denied.

6  DATED:  June 20, 2013.

7

8    EDMUND F. BRENNAN
     UNITED STATES MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

4